Hon. William L. Burke County Attorney, Madison County
This is in response to your letter of January 16, 1979, in which you ask whether a mandatory or permissive referendum is required when a county elects to change from a Civil Service Commission to a Personnel Officer pursuant to sections 15 and 16 of the Civil Service Law.
The above-cited sections of the Civil Service Law do not provide for either a mandatory or permissive referendum. Civil Service Law, §16, subd 3, does require that a public hearing be held after reasonable notice before such action may be taken.
As you state in your letter, Municipal Home Rule Law, § 23, subd 2 (k) requires a mandatory referendum before an election to change the form of administration of civil service, but said provision is applicable only to cities (1970 Atty Gen [Inf Opns] 171, 1972 Atty Gen [Inf Opns] 255). We can find no other authority which would require a mandatory or permissive referendum in the situation you describe.
From all of the foregoing, we conclude that neither a mandatory nor a permissive referendum is required when a county elects to change from a Civil Service Commission to a Personnel Officer pursuant to sections15 and 16 of the Civil Service Law.
Enclosed please find a copy of our opinion of March 8, 1978 which discusses the election by a county to change its form of administration of civil service from Municipal Civil Service Commission to a Director of Personnel by the enactment of a local law.